UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE F. RIZIK, II, special fiduciary
for MORGAN VANHENTENRYCK;
and GEORGE F. RIZIK, II, special
fiduciary for SEAN VANHENTENRYCK,

    Plaintiffs,

v.

    Case No. 13-15102

    Hon. John Corbett O'Meara

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY,

    Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S
MOTION TO REMAND AND GRANTING IN PART
AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

Before the court are Plaintiff's motion for remand, filed December 30, 2013, and Defendant's motion to dismiss, filed January 10, 2014. The court heard oral argument on March 13, 2014, and took the matter under advisement. For the reasons explained below, Plaintiff's motion is denied and Defendant's motion is granted in part and denied in part.

## BACKGROUND FACTS

Plaintiff George Rizik, as special fiduciary for Morgan VanHentenryck and Sean VanHentenryck, who are minors, filed this action in Genesee County Probate

Court.  Plaintiff's complaint alleges the following causes of action against Defendant, The Lincoln National Life Insurance Company: Count One, ordinary negligence; Count Two, breach of fiduciary duty; and Count Three, breach of contract.

Morgan VanHentenryck and Sean VanHentenryck are the children of Barbara and Todd VanHentenryck.  Todd VanHentenryck died in January 2013.  At that time, Todd VanHentenryck owned a life insurance policy issued by Defendant Lincoln.  The policy is a group life insurance policy issued by Lincoln to Todd VanHentenryck's employer, provided for the benefit of its employees.  Morgan and Sean VanHentenryck were the designated beneficiaries under the policy.

At the time of Todd VanHentenryck's death, Morgan and Sean were minors; their mother, Barbara VanHentenryck, was appointed conservator for them.  Lincoln paid the benefits due under the policy by checks made payable to "Mr. Sean VanHentenryck, Barbara VanHentenrcyk Guardian" and to "Ms. Morgan VanHentenryck, Barbara VanHentenryck, Guardian."  According to the letters of guardianship issued by the probate court, "[a]ny funds received on behalf of said minor[s] shall be placed in a restricted account and proof thereof filed with the court." Compl. at ¶¶ 20-21.  Plaintiff alleges that Barbara ignored the probate

court's instructions and converted the funds paid under the policy to her own use. The court appointed George Rizik as Morgan and Sean's special fiduciary to recover those funds. Contending that Lincoln improperly paid the benefits, Plaintiff seeks to recover from Lincoln.

Specifically, Plaintiff alleges in Count One (negligence) that "Lincoln had a duty to use ordinary care to make sure that the Benefits were paid or delivered to Barbara VanHentenryck in such a manner as to be deposited into restricted accounts. . . ." Compl. at ¶ 28. In Count Two (breach of fiduciary duty), Plaintiff alleges that "Lincoln had fiduciary duties to both Morgan VanHentenryck and Sean VanHentenryck including the duty to pay the Benefits to [them] properly." Compl. at ¶ 36. Plaintiff contends that "Lincoln breached its fiduciary duties by paying the Benefits to Barbara VanHentenryck without [taking] any steps to ensure or determine that the Benefits would be deposited into restricted accounts. . . ." Id. at ¶ 37. In Count Three (breach of contract), Plaintiff alleges that Lincoln "breached its contractual obligation" under the policy "by paying the Benefits to Barbara VanHentenryck without [taking] any steps to ensure or determine that the Benefits would be deposited into restricted accounts. . . ." Id. at 48.

Defendant removed the case to this court on December 16, 2013. Defendant contends that all of Plaintiff's claims are preempted by ERISA and seeks dismissal

of Plaintiff's state claims. Plaintiff argues that the state claims are not preempted and seeks remand to Genesee County Probate Court.

## LAW AND ANALYSIS

### I. ERISA Preemption

There are two types of ERISA preemption, each of which has different consequences. As the Sixth Circuit has explained:

> ERISA can preempt state-law claims in two ways: complete preemption under 29 U.S.C. § 1132(a) and express preemption under 29 U.S.C. § 1144. Normally, the consequence of the former is that the suit containing those claims can be removed to federal court; a completely preempted state-law claim "arises under" federal law and thus vests the district court with federal-question jurisdiction. By contrast, express preemption under § 1144 is a defense; it is grounds for dismissal, but not for removal. Our prior ERISA preemption cases have not always clearly differentiated between the two concepts, but we should take care to do so in the future.
>
> In addition to its jurisdictional impact, complete preemption of a state-law claim by ERISA also affects how the federal court should treat that claim, regardless of how it arrived in federal court. Because state-law claims that are completely preempted are, in fact, federal claims, the court should treat them as such, evaluating them as ERISA claims and, unless doing so would be futile, granting the plaintiff leave to amend the complaint to re-plead those claims to conform with ERISA. . . . By contrast, state-law claims that are expressly preempted under § 1144 should be dismissed with prejudice. The difference in treatment stems from the fact that completely preempted claims "fall within the scope" of ERISA's civil-enforcement regime, and expressly preempted claims interfere with that regime.

Loffredo v. Diamler AG, 500 Fed. Appx. 491, *9 (6th Cir. Sept. 25, 2012) (Moore,

J., concurring, joined by Stranch, J.) (citations omitted).

## II. Removal Was Proper

Removal of Plaintiff's complaint was proper because Plaintiff's breach of contract claim is completely preempted. "When a federal statute wholly displaces the state-law cause of action through complete pre-emption, the claim can be removed." Gardner v. Heartland Indus. Partners, LP, 715 F.3d 609, 612 (6th Cir. 2013) (quoting Aetna Health, Inc., v. Davila, 542 U.S. 200, 207 (2004)). Complete preemption is an exception to the "well pleaded complaint" rule. Id. ERISA is a statute that tends to broadly pre-empt state causes of action. "[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." Davila, 542 U.S. at 209.

The U.S. Supreme Court has held that a claim is completely pre-empted "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions." Id. at 210.

Under section 502(a)(1)(B) of ERISA, a plan participant or beneficiary may bring a civil action to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future

benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Plaintiff's breach of contract claim could be brought under this provision; Plaintiff is attempting to recover benefits for beneficiaries under the plan. Defendant has no legal duty to provide benefits, other that established in the plan. An attempt to recover ERISA benefits under a state-law breach of contract theory duplicates a § 1132(a)(1)(B) claim, implicates no other independent legal duty, and is clearly pre-empted.

Because Plaintiff's breach of contract claim (Count III) is completely pre-empted by ERISA, removal of the complaint was proper. See Peters v. Lincoln Elec. Co., 285 F.3d 456, 469 (6th Cir. 2002). Contrary to Defendant's argument that the court may dismiss Plaintiff's breach of contract claim, complete preemption transforms the state claim into an ERISA claim and does not warrant dismissal. See Loffredo, 500 Fed. Appx. at *9. The court will permit Plaintiff to amend his complaint to state a claim under ERISA.[1] See id.

### III. Express Preemption of Breach of Fiduciary Duty and Negligence Claims

"Express" preemption is governed by § 1144(a). Section 1144(a) preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" governed by ERISA. The Supreme Court has explained that

---

[1] Although Defendant claims in its reply brief that an amendment would be futile, Plaintiff has not had the opportunity to respond to this argument and, therefore, the court will not consider it at this time.

Congress used language that was "deliberately expansive, and designed to establish pension plan regulation as exclusively a federal concern." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 46 (1987). The Sixth Circuit has identified three categories of claims that ERISA "clearly preempts": "state-law claims that (1) mandate employee benefit structures or their administration; (2) provide alternate enforcement mechanisms; or (3) bind employers or plan administrators to particular choices or preclude uniform administrative practice, thereby functioning as a regulation of an ERISA plan itself." Thurman v. Pfizer, Inc., 484 F.3d 855, 861 (6th Cir. 2007) (citation and internal quotation marks omitted).

    Here, Plaintiff's breach of fiduciary duty and negligence claims are based upon "wrongful delivery of payment made under the plan." Pl.'s Br. at 7-8. Plaintiff contends that Lincoln had a duty to pay benefits "properly," which derives from M.C.L. 500.5422. That statute provides that "a restriction on a conservator's powers that is endorsed on letters as provided in section 5427 is effective as to third persons." Plaintiff argues that Barbara VanHentenryck's letters of conservatorship required her to place all funds in a restricted account and that, under M.C.L. 500.5422, Lincoln had a duty to ensure that she did so.[2] Lincoln

---

[2] It is not clear that the statute in fact imposes such a duty upon Lincoln. However, the court will assume it does for the sake of argument.

contends that the policy does not impose such a requirement.

Essentially, Plaintiff argues that Lincoln must follow state law in the manner in which it pays benefits under the policy. Interpreting the statute as Plaintiff urges, however, would impose requirements not contained in the policy and "interfere with nationally uniform plan administration." Egelhoff v. Egelhoff, 532 U.S. 141, 148 (2001) (finding Washington statute invalidating beneficiary designation upon divorce, and requiring benefits to be paid according to the statute instead of the plan, to be preempted). "One of the principal goals of ERISA is to enable employers 'to establish a uniform administrative scheme, which provides a set of standard procedures to guide processing of claims and disbursement of benefits. Uniformity is impossible, however, if plans are subject to different legal obligations in different States." Id. (citation omitted).

Under Egelhoff, Plaintiff's breach of fiduciary duty and negligence claims are expressly preempted. Accordingly, the court will dismiss those claims.

## **ORDER**

IT IS HEREBY ORDERED that Plaintiff's motion to remand is DENIED.

IT IS FURTHER ORDERED that Defendant's motion to dismiss is GRANTED IN PART and DENIED IN PART, consistent with this opinion and order.

IT IS FURTHER ORDERED that Plaintiff may file an amended complaint to state a claim under ERISA by March 31, 2014.


                                             s/John Corbett O'Meara
                                             United States District Judge

Date:  March 18, 2014


I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, March 18, 2014, using the ECF system.

                                             s/William Barkholz
                                             Case Manager